IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-77,584-01






EX PARTE RAFAEL GUILLEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20070D05440 IN THE 205TH DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam. 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and was sentenced to life in prison. The Eighth Court of Appeals affirmed the conviction. Guillen
v. State, No. 08-08-00241 (Tex. App. -- El Paso del. Jul. 28, 2010).

 Applicant, through habeas counsel, raises a claim of ineffective assistance of trial counsel.
He complains that trial counsel failed to object to portions of a detective's testimony as being
inadmissible hearsay. Applicant argues that had an objection been lodged, the detective's testimony
would not have been admitted, and the remaining evidence would have been insufficient to
corroborate accomplice testimony linking Applicant to the crime. Applicant concludes that without
the accomplice testimony, there was insufficient evidence of guilt and that a judgment of acquittal
would have been ordered on direct appeal but for counsel's deficiency in not objecting.

 There is no response from trial counsel in the writ record or findings from the trial court, and
a remand is necessary to develop the writ record before this Court. See Smith v. Robbins, 528 U.S.
259, 285-86 (2000); Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d
791, 795-96 (Tex. Crim. App. 2000); Ex parte Rodriguez, 334 S.W.2d 294 (Tex. Crim. App. 1960). 
 The trial court shall order trial counsel to respond to Applicant's claim of ineffective
assistance and explain applicable strategy and tactical decisions. In doing so, the trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a
hearing, it shall determine whether habeas counsel continues to represent Applicant and, if not,
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc.
art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding the claims raised
in the writ application. The trial court may also make any other findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: September 26, 2012

Do not publish